**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION**

Jean Lucas
    Plaintiff.

                                 Case No.

-v-

                                 20cv60548

NAVY FEDERAL CREDIT UNION
    Defendant.



**COMPLAINT**

    Plaintiff, Jean Lucas hereby sues Defendants, NAVY FEDERAL CREDIT UNION

**PRELIMINARY STATEMENT**

    1. This is an action for damages brought for damages for violations of the Fair Credit reporting Act (FCRA) 15 U.S.C. 1681 *et seq.* and Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI).

**JURISDICTION AND VENUE**

    2. The jurisdiction of this Court is conferred by Fla. Stat. §559.77, 15 U.S.C. §1681p

    3. Venue is proper in this Circuit pursuant to Fla. Stat. §559.77 and 28 U.S.C. §1391b.

    4. This is an action for damages which exceed $15,000

    5. Plaintiff, Jean Lucas, is a natural person and is a resident of the State of Florida.

    6. Defendant, NAVY FEDERAL CREDIT UNION is a Virginia corporation, authorized to do business in Florida.

    7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. On or about Dec, 2018, Plaintiff ordered all 3 credit reports, EXPERIAN, TRANSUNION AND EQUIFAX. Only to find out Defendant, NAVY FEDERAL CREDIT UNION reporting a charge off account balance of $25,096 which, Plaintiff did not have any knowledge of such account.

9. On or about Dec 2018, Plaintiff called Defendant, NAVY FEDERAL CREDIT UNION regarding the charge off account by calling the telephone number 800-336-333 which appeared on one of Plaintiff's credit report EQUIFAX. An automated voice picked up says "THIS NUMBER IS NO LONGER IN SERVICE."

10. On or about Dec 2018, Plaintiff called Defendant again from a different telephone number from one of the credit reporting agencies, EXPERIAN. Plaintiff spoke with a representative and told her, Defendant, NAVY FEDERAL CREDIT UNION is reporting charge off account on Plaintiff's credit report. Plaintiff told the representative he did not recognize this account, and this account needs to be deleted from his credit report and told her this is formal dispute. Defendant did not send validation to Plaintiff and failed to report to the CRA the account was disputed.

11. On or about Dec 16 2018, Plaintiff filed an Identity Theft Report with the FEDERAL TRADE COMMISSION, (FTC), and Plaintiff also filed complaint with the CONSUMER FINANCIAL PROTECTION BUREAU, (CFPB), against Defendant, NAVY FEDERAL CREDIT UNION, EXPERIAN, TRANSUNION and EQUIFAX. Upon information believe the CFPB forward the complaint to the defendant, NAVY FEDERAL CREDIT UNION, and the credit reporting agencies.

12. On or about Jan 2019, Plaintiff sent a dispute letter and the Identity Theft Report to the credit reporting agencies, EXPERIAN, TRANSUNION, EQUIFAX and defendant, NAVY FEDERAL CREDIT UNION. On information and belief, the Plaintiff alleges that each CRA then forwarded his disputes to Defendant, NAVY FEDERAL CREDIT UNION through the credit industry's "e-Oscar" system and in response to each dispute, defendant simply responded that it had "verified" that the account belonged to it and was owed by plaintiff.

13. Defendant, NAVYFEDERAL CREDIT UNION standard procedure for receiving and processing consumer disputes is to do so entirely by automated response, its "automated batch interface" system. It does not conduct a substantive investigation. No human being looks at the files or disputes. Literally nothing is done to investigate these disputes.

14. Defendant, NAVY FEDERAL CREDIT UNION also knew when it received the Plaintiff's disputes (or any consumer's dispute that an defendant account was not his or her obligation) that it did not have any underlying documents – cardmember agreements, signed application, credit card statements, etc. – to support the debt. Defendant's only lawful option was to delete the tradeline.

15. Defendant, NAVY FEDERAL CREDIT UNION had actual knowledge that that this is what the FCRA required - a "meaningful searching inquiry" and that defendant could not re-report or "verify" the account tradeline to the CRAs when it lacked underlying documentation.

16. In 2000 the Federal Trade Commission held that the FCRA barred a debt buyer from "verifying" a tradeline disputed by a consumer when it did not possess the original documents. The FTC entered into a Concent Decree with Performance Capital Management, Inc. (PCM), a debt buyer and furnisher of credit information subject to 1681s-2. Among the FTC's allegations was that upon receiving a CDV form from a CRA, "it is the practice of PCM to compare the name, address, and information in PCM's Computer database with the information provided on each consumer dispute verification form. Where the two match, PCM reports that is has verified as accurate the information in its file." The FTC alleged that "verifying information in the computerized PCM file does not constitute an 'investigation' for purposes of Section 623(b) [1681s-2(b13)]." The FTC's Consent Decree remedied this noncompliance with § 1681s-2(b) with entry of the following injunction enjoining PCM from:

> failing to properly investigate consumer disputes, as required by Section 623(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), when consumer reporting agencies refer disputes to the defendant pursuant to Section 611(a)(2), 15 U.S.C. § 1681i(a)(2). In order to comply with Section 623(b) when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall either verify the information with the original account records within the time period set forth in the Fair Credit Reporting Act or take all necessary steps to delete the information from the files of all consumer reporting agencies to which the information was reported. In any situation where the defendant either knows that no original records exist, or is informed by the original creditor that no records exist, the defendant shall, within five business days after receiving the consumer dispute, notify all consumer reporting agencies to which the information has been provided that the information is to be deleted from the file of the consumer who has disputed the account;…. (Emphasis added). Consent Decree, Order, Section II.

17. Then, in 2004 the United States Court of Appeals for the Fourth Circuit issued what remains the seminal opinion setting the investigation threshold under Section 1681s-2(b) of the FCRA. The Fourth Circuit held, "The key term at issued here, "investigation," is defined as "[a] detailed inquiry or systematic examination." **Am. Heritage Dictionary 920 (4th ed.2000); see Webster's Third New Int'l Dictionary 1189 (1981)** (defining "investigation" as "a searching inquiry"). Thus, the plain meaning of "investigation" clearly requires some degree of careful inquiry by creditors." Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 430 (4th Cir. 2004). Further, in circumstances in which the furnisher (like NAVY FEDERAL CREDIT UNION) lacks underlying account documents, like the credit card application, it can "not conclusively verify that" the consumer was obligated.

18. On or about Jan 2019, Plaintiff received letters from the credit reporting agencies, EXPERIAN, TRANSUNION and EQUIFAX, they will investigate account in question and forward the information thru the e-oscar system to defendant, NAVY FEDERAL CREDIT UNION.

19. On or about Feb 2019, Plaintiff received letters from the credit reporting agencies stated the investigation was completed the account has been verified and it will remain in his credit report. Defendant, NAVY FEDERAL CREDIT UNION failed to verified or validate the account since the first communication back in Dec 2018 and still continue collection activity, and did not report this account was in dispute to the credit reporting agencies. For the next several months Plaintiff keep disputing this negative account with no success.

20. On or about Oct 2019, Plaintiff was declined credit with CHASE BANK due to defendant, NAVY FEDERAL CREDIT UNION reporting negative information on Plaintiff's credit reports.

21. On or about Nov 2019, Plaintiff sent debt validation and letters to defendant, NAVY FEDERAL CREDIT UNION. Defendant again did not respond and continue collection activity, and did not report this account was in dispute to the credit reporting agencies.

22. On or about Nov 2019, Plaintiff sent a dispute letter about the account to the credit reporting agencies, EXPERIAN, TRANSUNION and EQUIFAX.

23. On or about Dec 2019 Plaintiff received a letters from credit reporting agencies, on information and belief thru the e-oscar system they will inform NAVY FEDERAL CREDIT UNION about the dispute.

24. On or about Dec 2019 Plaintiff received letters from the credit reporting agencies stated RE-INVESTIGATION is now complete item was update and verified.

25. On or about Jan 2020 Plaintiff sent defendant debt validation but defendant did not respond and did not report the account in dispute with the credit reporting agencies and continue collection activity.

26. On or about Jan 2020 Plaintiff sent a pending lawsuit letter to defendant upon information believe defendant received the letter.

27. On or about Jan 2020 Plaintiff received three letters from defendant, NAVY FEDERAL CREDIT UNION on several days from each other stated the account is accurate and if I wish to pursue this matter further, I may submit my dispute directly to the credit reporting agencies. In any one of these letter defendant did not validate the account and continue collection activity.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING
## ACT, (FCRA) 15 U.S.C. §1681s-2(b) BY DEFENDANT
## NAVY FEDERAL CREDIT UNION

28. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

29. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

30. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

31. On one or more occasions within the one years and a half prior to the filing of this suit, by example only and without limitation, NAVY FEDERAL CREDIT UNION violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's disputes regarding the account, and/or by reporting inaccurately the results of such investigation.

32. As a result of this conduct, action and inaction of NAVY FEDERAL CREDIT UNION, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: loss of credit damage to reputation, embarrassment, humiliation and other emotional and mental distress.

33. NAVY FEDERAL CREDIT UNION's conduct, action and inactions were will full, rendering it liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, NAVY FEDERAL CREDIT UNION was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

34. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys fees from NAVY FEDERAL CREDIT UNION in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, (FCRA) 15 U.S.C. §1681s-2(a)(3) BY DEFENDANT NAVY FEDERAL CREDIT UNION

35. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

36. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

37. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

38. After multiple disputes prior to the filing of this suit, by example only and without limitation, NAVY FEDERAL CREDIT UNION violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a)(3) by failing to provide notice of dispute . If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

39. As a result of this conduct, action and inaction of NAVY FEDERAL CREDIT UNION, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: loss of credit damage to reputation, embarrassment, humiliation and other emotional and mental distress.

40. NAVY FEDERAL CREDIT UNION's conduct, action and inactions were will full, rendering it liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, NAVY FEDERAL CREDIT UNION was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

41. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys fees from NAVY FEDERAL CREDIT UNION in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, (FCRA) 15 U.S.C. §1681 b(f) BY DEFENDANT NAVY FEDERAL CREDIT UNION

42. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

43. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

44. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

45. After many attempted disputing the alleged debt for pass year and a half and defendant failed to validate. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose defined by 15 U.S.C. §1681b.

46. As a result of this conduct, action and inaction of NAVY FEDERAL CREDIT UNION, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: loss of credit damage to reputation, embarrassment, humiliation and other emotional and mental distress.

47. NAVY FEDERAL CREDIT UNION's conduct, action and inactions were will full, rendering it liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, NAVY FEDERAL CREDIT UNION was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages costs and attorneys fees from NAVY FEDERAL CREDIT UNION in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT IV
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA STAT. §559(Part VI) BY DEFENDANT NAVY FEDERAL CREDIT UNION

49. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

50. Plaintiff is a consumer within the meaning of §559.55(2)

51. Defendant is a debt collectors within the meaning of §559.55(6).

52. Defendant violated the §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate or asserting the existence of the legal right with knowledge that the right does not exist.

53. Specifically, despite Plaintiff's numerous requests for proof that he is legally obligated to pay any of the defendant. Defendant failed to provide the requested evidence and continued collection activity by reporting the allege debt every month to the credit reporting agencies since the initial dispute.

54. As a direct and proximate result of defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to pursuant to Fla. Stat. §559.77.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

Jean Lucas
9137 W Sunrise BLVD
Plantation, FL 33322
254-291-6933